**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 19-cr-03775-BAS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO MODIFY SENTENCE (ECF No. 54)** |
| MARIA LUISA SANCHEZ, | |
| Defendant. | |

On June 24, 2020, this Court sentenced Ms. Sanchez to 60 months in custody for importing methamphetamine into the United States. (ECF No. 53.) Now, after serving less than half of that sentence, Ms. Sanchez moves pro se to reduce her sentence under Title 18, United States Code, Section 3582(c)(1)(A)(i) because of the risk she faces from COVID-19.[1] (ECF No. 54 ("Motion").) Because Ms. Sanchez has not demonstrated extraordinary and compelling reasons for her release and because a sentence reduction would not be consistent with factors under Section 3553(a), the Court **DENIES** the Motion.

---

[1] The Court referred the matter to Federal Defenders to determine whether counsel should be appointed to represent Ms. Sanchez. Federal Defenders responded that they "believe[ ] the court can decide the motion on the existing record without further assistance of counsel." (ECF No. 58.)

## I. BACKGROUND

Ms. Sanchez drove through the Port of Entry from Mexico to the United States in a car that held 5.54 kilograms of methamphetamine. (Presentence Report ("PSR") ¶ 5, ECF No. 21.) At the time of her arrest, Ms. Sanchez had a lengthy criminal record, leading to a criminal history category of VI. (PSR ¶ 38.) She has six prior theft-related felonies and five prior convictions related to her drug abuse, including a felony drug possession. (PSR ¶¶ 26–36.) Although she was facing a ten-year mandatory minimum, her plea agreement with the Government allowed her to plead to a superseding information that reduced the amount of drugs and exposed her to a 60-month mandatory minimum. (ECF Nos. 42–45.) Although Ms. Sanchez's guideline range was higher than the 60-month mandatory minimum, the Court departed downward in part because Ms. Sanchez had contracted COVID-19 while she was in custody awaiting sentencing. (ECF No. 53.) By the time of sentencing, she was not displaying COVID symptoms and told the Probation Department that she was "healthy and has no history of serious health problems." (PSR ¶ 57.) The Court ultimately found that a 60-month sentence was sufficient but not greater than necessary considering all of the Section 3553(a) factors. (ECF No. 53.)

Ms. Sanchez applied to the Warden where she is being housed for compassionate release on two occasions and on both occasions her request was denied. (Motion, at 3–4.) Ms. Sanchez informed the Warden that she would like to appeal. (*Id.* at 5–6.) However, there is no evidence that she took further steps to do so.

Ms. Sanchez now moves this Court for compassionate release because she has "a severe case of asthma," has been a "heavy smoker" and used "heavy drugs—like methamphetamine," and she "got COVID-19 and ha[s] been feeling very ill since then." (*Id.* at 5.) Ms. Sanchez attaches no medical records to her Motion.

The Government responds by attaching medical records showing that Ms. Sanchez has been receiving treatment for her asthma while in custody and has not displayed severe symptoms. (Opposition, Attachments 2, 7.) Furthermore, Ms. Sanchez has received both doses of the Moderna vaccine. (Opposition, Attachment 6.)

## II. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

This "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, __ F.4th __, 2021 WL 2695129, at *3–4 (9th Cir. 2021) ("[A] court may not consider a motion brought under § 3582(c)(1)(A) unless . . . the inmate has requested the BOP make such a motion."). "The requirement promotes good policy." *Id.* at *3. It "'ensures that the prison administrators can prioritize the most urgent claims.'" *Id.* (quoting *United States v. Alam*, 960 F.3d 833, 835 (6th Cir. 2020)).

Although the Government argues that Ms. Sanchez has failed to exhaust her administrative remedies, it appears that she petitioned the Warden at her facility twice for compassionate release and was denied. Additionally, she at least attempted to appeal this denial. Therefore, the Court finds she has exhausted her administrative remedies.

### B. Extraordinary and Compelling Reasons

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the

defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Ms. Sanchez fails to meet this burden. She provides no medical records that support her claim, and the Government provides records that demonstrate Ms. Sanchez has received treatment for her asthma and her symptoms have not been severe. The fact that she contracted COVID-19 while in custody awaiting sentence was taken into consideration at the time of sentencing. And Ms. Sanchez has received both doses of the Moderna vaccine. Therefore, she has failed to show that any concern about COVID-19 warrants release at this point in time.

### C. Section 3553(a) Factors

Additionally, considering the factors set out in 18 U.S.C. § 3553(a), Ms. Sanchez is not entitled to release. She has six prior theft-related felonies and one prior drug felony. The punishment she received for these prior offenses did not deter her from returning to criminal activity. Releasing Ms. Sanchez now would not provide adequate deterrence or protect the public from further crimes committed by Ms. Sanchez.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Ms. Sanchez's Motion to Modify her Sentence. (ECF No. 54.)

**IT IS SO ORDERED.**

**DATED: August 3, 2021**

Hon. Cynthia Bashant
United States District Judge